IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA BILLY                                                                                           PLAINTIFF

vs.                                          Civil No. 4:11-cv-04037

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Melissa Billy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's original application for DIB and SSI, was filed on January 31, 2000. (Tr. 16, 419). These applications allege an onset date of May 13, 1999. (Tr. 419). These applications were initially denied and were denied again on reconsideration. (Tr. 16). Plaintiff requested an administrative hearing on her applications, and following the hearing, the ALJ entered unfavorable decision finding

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff was not disabled. This decision was made on May 30, 2003. (Tr. 16). Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision, but the record could not be located or reconstructed. (Tr. 287).

Plaintiff filed subsequent applications for DIB and SSI on June 25, 2003. (Tr. 287). These applications were initially denied on September 30, 2003 and were denied again on reconsideration on December 22, 2003. (Tr. 44-51). Plaintiff requested an administrative hearing on her applications, and a hearing was held on April 15, 2005 in Texarkana, Arkansas. (Tr. 308-340). On September 21, 2005, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 279-284).

On October 17, 2005, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 285). On February 24, 2006, the Appeals council ordered these claims be joined and the case was remanded to the same ALJ for further action necessary to complete the administrative record and render a new decision. (Tr. 287-288).

A subsequent hearing was held on April 28, 2006 in Texarkana, Arkansas. (Tr. 341-372). Plaintiff was present and was represented by counsel Evelyn Brooks, at this hearing. *See id.* Plaintiff, Vocational Expert ("VE") William Elmore, and Medical Expert Dr. Henry Hamilton testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 71, 332).

On June 22, 2006, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 16-22). Plaintiff requested the Appeals Council review the adverse decision of the ALJ on August 11, 2006. (Tr.11-12). On November 9, 2007, the Appeals Council issued a

2

decision denying Plaintiff's request for review and accepting the ALJ's conclusion that she was not disabled. (Tr.7-9). Plaintiff subsequently filed a complaint in this court for judicial review of her claims and judgment was entered in her favor by the undersigned on March 25, 2009, remanding her case for further consideration pursuant to sentence four of 42 U.S.C. Section 405(g). (Tr.394-403).

Pursuant to this Court Order, the Appeals Council remanded Plaintiff's case on May 12, 2009 and instructed the ALJ to offer her the opportunity for a new hearing and to take any further action necessary to complete the administrative record and issue a new decision. (Tr. 405-407). Thereafter, hearing was held on October 7, 2009 in Texarkana, Arkansas. (Tr. 417-440). Plaintiff was present and was represented by an attorney, Evelyn Brooks, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* At the time of this hearing, Plaintiff was thirty-six (36) years old, which is classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2007), and had a high school education. (Tr. 71, 332).

On April 28, 2010, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 383-393). In this opinion, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2004. (Tr. 385, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2001. (Tr. 385, Finding 2). The ALJ determined Plaintiff suffered from the severe impairments of back disorder and migraines. (Tr. 386, Finding 3). The ALJ determined that, although severe, these impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925, and 416.926) ("Listings"). (Tr. 386, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual

Functional Capacity ("RFC"). (Tr. 387-391, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined Plaintiff's testimony was not fully credible. *See id.* Second, the ALJ determined Plaintiff's RFC and concluded Plaintiff could perform a wide range of sedentary work with restrictions of no more than occasional stair climbing, balancing, stooping, crouching, kneeling, or crawling. (Tr. 387, Finding 5).

The ALJ also determined that Plaintiff could not perform her Past Relevant Work ("PRW"). (Tr. 391, Finding 6). The ALJ, however, determined that Plaintiff would be able to perform work that exists in significant numbers in the national economy. (Tr. 391-392, Finding 10). The VE testified at the hearing regarding this issue. (Tr. 434-439). The VE testified that a hypothetical person the same age as Plaintiff and with the same RFC and education could perform work as an information clerk with 2,500 such jobs locally and 75,000 such jobs in the nation and telemarketer with 3,500 such jobs locally and 350,000 such jobs in the nation. *Id.* Based upon the VE's testimony, the ALJ determined that Plaintiff was not disabled. (Tr. 392, Finding 11).

On February 25, 2011, the Appeals Council declined to review the ALJ's April 28, 2010 hearing decision. (Tr. 373-375). Subsequently, Plaintiff filed the present action. ECF No. 1. Plaintiff and Defendant have both filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred by: (A) failing to consider the combination of Plaintiff's impairments; (B) in assessing Plaintiff's credibility, (C) in assessing Plaintiff's RFC and, (D) failing to fully develop the record. ECF No. 9, Pages 2-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

#### A. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 386, Finding 4) (emphasis added). The ALJ also found, "after

consideration of the entire record," the Plaintiff had the RFC to perform sedentary work. (Tr. 387, Finding 5). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in significant numbers in the national economy. (Tr. 391, Finding 10). These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 9, Pages 17-18. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 10, Pages 17-18.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

7

and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 388-390). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medication has been effective in controlling her symptoms with no side effects, and (5) Plaintiff received little treatment outside of medication to address her physical impairments. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence

9

in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for a wide range of sedentary work. (Tr. 387, Finding 5).  Plaintiff argues the ALJ erred in this RFC determination.  ECF No. 9, Pgs. 18-19.  However, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing a wide range of sedentary work.

On April 19, 2000, Plaintiff was admitted to Christus St. Michael Hospital after she was involved in a motor vehicle accident. (Tr. 158).  Plaintiff complained of injuries to her neck and back.  *Id.*  An MRI exam of Plaintiff's thoracic spine showed no evidence of a fracture; very mild bulging of the T5-T6 disc; no evidence of spinal stenosis; and minimal degenerative disc disease. (Tr. 159).

Plaintiff was treated by Dr. Rodney Chandler from January 11, 2001 through April 19, 2002, for complaints of back and neck pain. (Tr. 181-190).  Plaintiff was also treated for headaches, nausea, muscle spasms, and pain and numbness in her legs.  *Id.*   It appears Dr. Chandler treated

10

Plaintiff's symptoms with pain medication. *Id.*

On May 10, 2002, Plaintiff underwent an MRI exam of her cervical spine. This exam showed a very small posterior central disc protrusion at the C5-6 level, which did not produce significant effect upon the canal or neural exit foramen. (Tr. 145). On July 7, 2003, Plaintiff had a subsequent MRI scan of the cervical spine. (Tr. 141). This exam showed a progression of the previous C5-6 protrusion, now with a greater degree of ventral cord impingement and possibly a mild extruded component on the sagittal series; and a mild right paracentral protrusion at the 6-7 level without associated canal or foraminal compromise. (Tr. 141).

On September 11, 2003, Plaintiff was seen by Dr. John L. Fox, a neurosurgeon at the UAMS Medical Center. (Tr. 232). Dr. Fox recommended Plaintiff have an anterior microcervical discectomy and fusion and possible insertion of a stabilizing plate to fix Plaintiff's back and neck impairments. (Tr. 232). On September 15, 2003, Dr. Fox performed an anterior cervical discectomy and fusion at the C5-C6 level. (Tr. 223-224, 388).

Following this surgery, on October 9, 2003, an x-ray examination of Plaintiff's cervical spine showed an apparent anterior displacement of bone graft; and no solid fusion of the superior margin of the craft. (Tr. 203). On December 4, 2003, an x-ray examination of Plaintiff's cervical spine showed some apparent vascular in-growth of the bone graft with little change from the previous examination. (Tr. 201).

On July 22, 2004, Dr. Fox completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) form. (Tr. 303-305). Dr. Fox indicated Plaintiff could occasionally lift and carry less than ten pounds, and frequently lift and carry less than ten pounds. (Tr. 303). He also found Plaintiff must periodically alternate between sitting and standing; had a limited ability to push and pull controls with her arms; could frequently kneel, crouch, and crawl;

could never climb or balance; and had no manipulative, visual, or environmental limitations. (Tr. 304-305).

On May 25, 2005, Dr. William Blankenship performed a consultative physical examination of Plaintiff. (Tr. 265-268). The physical examination showed no evidence of muscle spasms in the cervical or lumbar spine area; normal reflexes; and no intrinsic weakness or atrophy of either arm. (Tr. 265-266). Plaintiff had a slightly reduced range of motion in her spine, and normal range of motion in her shoulders, elbows, hands, wrists, knee, hip, and ankle. (Tr. 267). An x-ray examination of Plaintiff's lumbar spine showed a mild scoliosis with no evidence of fracture, spondylolysis or spondylolisthesis, or osteophyte formation. (Tr. 266). An x-ray examination of Plaintiff's cervical spine showed normal alignment; no evidence of abnormal widening or narrowing of the intervertebral joints; and normal cervical lordosis with a solid fusion between C5-C6. (Tr. 266). Dr. Blankenship's impression was status post-operative interbody fusion of C5-C6 healed and low-back pain. (Tr. 266).

At that same time, Dr. Blankenship also completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) form. (Tr. 268). Dr. Blankenship indicated Plaintiff could occasionally lift and carry twenty to fifty pounds, and frequently lift and carry ten pounds; could stand, walk, or sit for eight hours in an eight-hour workday; and could frequently grasp, perform fine manipulation, handle objects, feel objects, push and pull controls with hands and feet, and reach. (Tr. 268). Dr. Blankenship also found Plaintiff could frequently climb, balance, stoop, kneel, crouch, and crawl; and had no environmental limitations. (Tr. 268).

On December 2, 2009, Dr. Harold Chakales performed a consultative examination of Plaintiff. (Tr. 411-413). Dr. Chakales indicated an x-ray examination of Plaintiff's cervical spine showed a cervical arthrodesis of C5-C6; and an x-ray examination of Plaintiff's lumbar spine

showed normal results. (Tr. 411). On physical exam, Plaintiff had a satisfactory gait and limited range of motion in her spine, but normal range of motion in her shoulders, elbows, writs, hands, knee, hip, and ankle. (Tr. 412-413). Dr. Chakales' impression was status post-operative anterior cervical fusion with restriction motion and pain and a possible disc protrusion in the lower lumbar spine on the right side. (Tr. 412).

Dr. Chakales also completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) form. (Tr. 414). Dr. Chakales indicated Plaintiff could occasionally lift and carry twenty pounds, and frequently lift and carry ten pounds. (Tr. 414). Dr. Chakales also found Plaintiff could stand, walk, or sit for one hour in an eight-hour workday; and could frequently grasp, perform fine manipulation, handle objects, feel objects, push and pull controls with hands and feet, and reach. (Tr. 414). Finally, Dr. Chakales indicated Plaintiff could occasionally climb and balance; but could never stoop, kneel, crouch, and crawl; and had environmental limitations. (Tr. 414).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing a wide range of sedentary work. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### D. Duty To Develop

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical

examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ failed to properly consider Plaintiff's alleged mental impairments and should have obtained additional psychological consultants, and as a result of not doing so, the ALJ failed in his duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

On January 31, 2003, Dr. Chandler diagnosed Plaintiff with depression and prescribed Paxil. (Tr. 169). Plaintiff returned to Dr. Chandler on March 3, 2003 for a follow-up of her symptoms, including her depression. (Tr. 168). Dr. Chandler prescribed Lexapro, which records show was refilled through August 2003. (Tr. 162-168).

Plaintiff was also seen for a consultative examination by Dr. Michael Inman on June 11, 2005. (Tr. 252-264). Dr. Inman prepared a Complete Battery and Evaluation of Adaptive

14

Functioning on Plaintiff. *Id.* Dr. Inman indicated Plaintiff reported no history of psychiatric treatment, but indicated her primary care physician prescribed her psychiatric medications. (Tr. 253).

According to Dr. Inman, Plaintiff was pleasant and polite throughout the evaluation, appeared relaxed, and demonstrated no evidence of overt distress. (Tr. 254). Plaintiff's thought processes were goal directed and easily understood, and her thought content was always topic related. *Id.* Dr. Inman indicated Plaintiff's memory was good and her intelligence was within the low average range (Tr. 255).

Dr. Inman diagnosed Plaintiff with major depression, recurrent, moderate, without psychotic features; pain disorder associated with psychological factors and general medical condition; and personality disorder. (Tr. 257).

In the Evaluation of Adaptive Functioning portion of the exam, Dr. Inman indicated Plaintiff had no dangerous behaviors; could drive and prepare simple meals, although her husband performed most of the household chores. (Tr. 257-258). According to the evaluation, Plaintiff's immediate and sustained concentration and attention were intact; was able to remain focused and persistent throughout the three-hour evaluation; her latencies were within normal limits; was easily able to switch topics; and keep pace with the evaluation. (Tr. 258).

Dr. Inman also completed a Medical Source Statement of Ability To Do Work-Related Activities (Mental). (Tr. 262-264). Dr. Inman indicated Plaintiff's ability to understand, remember, and carry out instructions in a typical work environment were intact. (Tr. 262). Also, Dr. Inman found Plaintiff was able to deal with and respond appropriately to supervisors and coworkers. (Tr. 263). Dr. Inman also indicated Plaintiff's ability to cope with work pressures in a typical work environment would be moderately impaired by depression and a pain disorder, but should not

preclude her ability to do so, particularly in a less demanding environment. (Tr. 259).

This medical evidence is sufficient to allow the ALJ to make an informed decision in this case.  Additionally, Plaintiff has failed to show she was in anyway prejudice or treated unfairly by the ALJ, if the record was not in fact fully and fairly developed.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of July 2012.**

       /s/   Barry A. Bryant
       HON. BARRY A. BRYANT
       U. S. MAGISTRATE JUDGE